# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Case No. CR-17-0238-02-F |
| ALEXIS HERNANDEZ, | ) ) ) |
| Defendant. | ) ) |

## ORDER

On March 1, 2021, the court entered an order dismissing defendant, Alexis Hernandez's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) for lack of jurisdiction. Doc. no. 190. The court found that defendant had not satisfied the exhaustion or the 30-day lapse requirement of § 3582(c)(1)(A).

The court is in receipt from defendant of a "Reply to Honorable Court's Order Regarding Defendant's Compassionate Release Motion." Doc. no. 191. Upon review, the court construes the filing as a motion to reconsider the court's March 1st order.[1]

"Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." United States v. Christy, 739 F.3d 534, 539 (10th Cir. 2014). "A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." Id.

---

[1] The motion is timely since it was filed within 14 days after the entry of the court's order. See, e.g., United States v. Randall, 666 F.3d 1238, 1243 (10th Cir. 2011) (motion to reconsider order granting or denying a sentence modification under 18 U.S.C. § 3582(c)(2) must be brought within the time granted to appeal that order under Rule 4(b), Fed. R. App. P.).

"Specific grounds include: '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Id*. (quoting Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)).  "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Id*.

The motion to reconsider filed by defendant does not present any circumstance that would justify reconsideration of the court's prior ruling dismissing his § 3582(c)(1)(A)(i) motion for lack of jurisdiction.  Defendant does not base reconsideration of the court's March 1st order on any intervening change in controlling law, nor does he bring to light any new evidence previously unavailable to him.  Defendant seeks to revisit issues already addressed or advance arguments that could have been raised earlier.  Further, defendant has not shown the need to correct clear error or prevent manifest injustice.  Therefore, the court concludes that defendant's motion should be denied.

Accordingly, defendant, Alexis Hernandez's "Reply to Honorable Court's Order Regarding Defendant's Compassionate Release Motion," filed March 15, 2021 (doc. no. 191), construed as a motion to reconsider the court's March 1, 2021 order, is **DENIED**.

IT IS SO ORDERED this 23rd day of March, 2021.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-0238p046 (Hernandez).docx